Justice TROUT,
Dissenting.
“[T]he awarding of custody of minor children rests within the discretion of the trial court whose decision will not be overturned on appeal absent an abuse of discretion.” Roberts v. Roberts, 138 Idaho 401, 403, 64 P.3d 327, 329 (2003). The magistrate judge in this case recognized the paramount importance of the child’s best interests and arrived at his decision through an exercise of reason; therefore, I respectfully dissent from the Court’s opinion.
While I do not condone the mother’s actions in moving to Montana without notice to the father, I believe the record and transcript reflect the magistrate judge carefully considered the mother’s wrongdoing in arriving at his ultimate determination. He stated during a hearing that he disapproved of the mother’s behavior, but he felt the child’s interests would best be served by remaining with his primary caretaker — his mother. In fact, the judge noted in his decision awarding permanent custody to the mother that “if the character of all individuals involved was the only factor for the court to consider, it is likely that the court would award primary custody of Caiden to Chris.”
Further, the magistrate judge acknowledged the legal presumption that joint custody was in the child’s best interests and emphasized the love both parents have for the child; however, the court also recognized the geographical distance between the parents and the resulting impractieality of a joint-custody arrangement. Perhaps most importantly, the court considered Dr. Stephenson’s recommendation that it was in the best interests of the child to remain with his mother. In arriving at his determination, Dr. Stephenson noted the child’s need for a continuous and predictable schedule as well as the difficulty a child at Caidan’s age would have in adapting to structural changes in his care. Caiden, who is now four years old, has been primarily in the custody of his mother in Montana for nearly four years. The mother’s family lives in Montana, and she has no connections to Idaho other than the father. I agree with the Court that there is “no perfect remediation” for the problems in this case; however, the effect of the Court’s opinion is that the child and his mother will be uprooted and forced to return to Idaho to re-litigate this matter. While this may be a just result between the mother and father, it is clearly not in the best interests of the child. This does not mean that a parent’s misconduct or character should not be considered in a court’s determination of what would be in the child’s best interests. Indeed, such poor behavior in other child custody cases may indicate it is not in the child’s best interests to remain with the misbehaving parent. This is a matter of discretion. The magistrate judge, after careful consideration of the facts in this case, decided the mother’s character was “not the weightiest factor in making a custody decision for a 15-month old,” recognizing that as the child grew and developed, that may change. Those are precisely the types of difficult decisions we ask trial judges to make, and we should abide by those decisions when they are supported by substantial and competent evidence. I respectfully dissent from the Court’s opinion and would affirm the decision of the magistrate judge.